# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO 08-824 |
| ) | |
| ) | Magistrate Judge Bissoon |
| SUPT. LOUIS S. FOLINO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Amended Motion for a Preliminary Injunction (Doc. 32) be denied.

### II. REPORT

Plaintiff, William Jones ("Jones" or "Plaintiff"), is a state prisoner who has filed a civil rights action pursuant to the provisions of 42 U.S.C. §1983. Jones asserts that certain of his legal documents were seized in 2006 and 2007, that he was denied use of those files during an appeal from his criminal conviction, and that the Defendants have no authority to confine him. Jones has now filed a Motion for Preliminary Injunction (Doc. 32) in which he seeks to have legal documents returned to him, and he also seeks his medical records.

In determining whether a preliminary injunction is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the

preliminary relief will be in the public interest. Bieros v. Nicola, 857 F. Supp. 445 (E. D. Pa.1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted).

With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. Conagra, 977 F.2d 86, 91 (3d Cir. 1992)(internal quotations omitted, emphasis added); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir.2000)(harm may not be speculative).

In this case, Jones states in his complaint that the alleged interference with his criminal appeal – the harm -- has already occurred, i.e., he alleges that his April, 2006 appeal was denied by the sentencing court. Thus, even if the Court were to assume that Jones has pleaded a likelihood of success on the merits, Jones cannot establish immediate and irreparable harm. Accordingly, preliminary injunctive relief is not warranted.

### III. CONCLUSION

It is recommended that the Plaintiff's Amended Motion for a Preliminary Injunction (Doc. 32) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by September 29, 2008.

September 11, 2008                          <u>s/Cathy Bissoon</u>
                                                          CATHY BISSOON
                                                          UNITED STATE MAGISTRATE JUDGE

**Cc:**
**WILLIAM JONES**
53578-066
Federal Correction in Situation - Gilmer
P.O. Box 6000
Glenville, WV 26531