IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-824 |
| | ) | Judge Conti |
| | ) | Magistrate Judge Bissoon |
| SUPT. LOUIS S. FOLINO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' Motion for Summary Judgment (Doc. 130) be granted.

### II. REPORT

Plaintiff, William Jones ("Jones" or "Plaintiff"), is a former state prisoner (now in federal custody) who has filed a civil rights action pursuant to the provisions of 42 U.S.C. § 1983. Jones asserts that certain of his legal documents were seized by Defendants (all Defendants are Pennsylvania Department of Corrections employees) in 2006, that he was denied use of those files during an appeal from his criminal conviction, and during a civil proceeding. Jones also claims that the Defendants had no authority to confine him in state prison, but that he should have been transferred to federal prison beginning in 2001. Plaintiff also alleges that he was denied medical treatment for Hepatitis C, and that Defendants engaged in a conspiracy against him to deny him his right of access to the courts. Finally, Plaintiff alleges that Defendant Grainey threatened to "bury him in the hole" if he continued to file grievances.

A.     **Legal Standard**

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*" Fed. Rule Civ. Proc. 56(e) (emphasis added), or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  The inquiry involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id., at 251-52.

B.  **Analysis**

  1.  **Exhaustion of administrative remedies.**

Under the Prisoner Litigation Reform Act ("PLRA"), the mandatory exhaustion requirement requires the following:

> (a)     Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a).  Before filing a civil action, a plaintiff-inmate **must** exhaust his administrative remedies.  Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000), cert. granted, 531 U.S. 956 (2000), aff'd, 532 U.S. 731, (2001).  There is no "futility" exception to the administrative exhaustion requirement.  Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) (citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000)).

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . ."). This is the functional equivalent of the procedural default requirement in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004). While a prisoner must comply with prison procedures, "compliance with the administrative remedy scheme will be satisfactory if it is substantial." Id., 204 F.3d at 77-78.

The Pennsylvania Department of Corrections ("DOC") Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: (1) the initial grievance is submitted to the Facility Grievance Coordinator; (2) an intermediate level of appeal lies to the Facility Manager; and (3) a final appeal must be sent to the Secretary's Office of Inmate Grievances and Appeals. Commonwealth of Pennsylvania, Department of Corrections, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 § VI. See also Booth, supra, 206 F.3d at 293 n. 2 (outlining the grievance review process).

In this case, Defendants have presented Plaintiff's lengthy history of filing grievances while incarcerated (Doc. 132-1). The records presented reflect that Plaintiff appealed two of his grievances to final review, Grievances Nos. 145770 and 171992 (Doc. 132-1, p. 14). In Grievance No. 145770, Plaintiff complained he was being fed smaller meals while in the Restricted Housing Unit, a claim not presented in Plaintiff's Complaint. Grievance No. 171992 contains Plaintiff's claim, this time repeated in the Complaint, that Captain Grainey threatened to "bury him in the hole" if he continued to file complaints and grievances (Doc. 132-1, p. 19). The

record reflects that Plaintiff filed several grievances (unrelated to the claims in this case) during the week following the threat (Id.).

Defendants argue that Plaintiff has failed to exhaust administrative remedies with respect to all of his claims except for the claim that Defendant Grainey threatened him. More specifically, Defendants argue that Plaintiff's failure to pursue his grievances through final review constitutes a procedural default barring review of his claims in this case.

In response, Plaintiff asserts that some of his grievances were not accepted by Defendants, and that he was put on "grievance restriction" during some unspecified period of time. Plaintiff asserts that he cannot be held accountable for failing to file grievances with respect to his claims when Defendants' actions prevented from doing so. In support of his claim that he was not permitted to file grievances, Plaintiff presents a "Request to Staff Member" dated October 13, 2006, wherein Plaintiff complained that he received no response to a grievance concerning a lack of clean linen and the opening of his legal mail (Doc. 150-1, p. 11). Plaintiff received a response to this request, however, and neither of the issues in this grievance are part of Plaintiff's Complaint.

Plaintiff also presents a letter showing that he did not receive his "first level appeal response" with respect to Grievance No. 175135 because he had been transferred to federal custody, and the response was not timely forwarded to him. That grievance, however, dealt with guards "kicking and banging" on Plaintiff's cell door, another claim not presented in the instant Complaint (Doc. 132-1, p. 20).

The grievance records provided by Defendants show that Plaintiff filed grievances concerning, *inter alia*, the following issues: (1) Grievance No. 164260, 9/19/2006 – complaining that he was denied legal documents needed for court (Doc. 132-1, p. 16); (2) Several grievances

challenging the basis for Plaintiff being held in state custody (Doc. 132-1, p. 17); (3) Grievance Nos. 169467, 11/15/2006 and 171552 12/5/2006 – complaining that he is being denied proper treatment for "Hep C" (Doc. 132-1, pp. 18-19).  None of these grievances were appealed to final review.

The evidence presented by the parties conclusively establishes that Plaintiff was not prevented from filing grievances concerning the claims he raises in this case.  In fact, grievances setting forth the identical claims raised in Plaintiff's Complaint were accepted for filing and were denied.  Further, Plaintiff was well aware of his ability to appeal grievance denials to final review, as evidenced by him doing so on two occasions.  Plaintiff has presented no evidence that he was prevented from filing appeals, or that any appeals he did file were ignored, with respect to the specific grievances wherein he raised the claims presented in his Complaint.  In short, there was an available grievance procedure, Plaintiff began to use it with respect to the claims in his Complaint, but he failed to comply with the requirement that he appeal his claims to final review.  All of Plaintiff's claims, save for his claim that Captain Grainey threatened him, are barred from review because they are subject to procedural default during the administrative review process. Spruill, supra.

### 2. Verbal harassment

The only claim presented that is not barred by a failure to exhaust administrative remedies is Plaintiff's claim that Defendant Grainey threatened to "bury him in the hole" if he continued to file grievances.[1]  Allegations of verbal abuse do not state an Eighth Amendment claim.  McCullough v. Miller, 2008 WL 4361254 *8 (W.D.Pa. Sept. 24, 2008) (Lancaster, J.)

---

[1] As noted above, even if the alleged threat was made, it did not deter Plaintiff from filing grievances, but instead led to a flurry of grievances over the ensuing weeks.

(collecting cases). Defendant Grainey is entitled to summary judgment because, even if true, Plaintiff's allegations do not state a constitutional claim.

### 3. Alternate bases for granting summary judgment

Alternate bases exist for granting Defendants' Motion for Summary Judgment with respect to some of the claims already barred by a failure to exhaust administrative remedies.

Plaintiff's claim that he was denied access to the courts due to the seizure of "documents" relevant to an appeal from a criminal case is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994), which established that a prisoner may not bring a civil rights suit if its success would render invalid a criminal conviction that has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus." Where a Section 1983 claim, "if successful, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid," then the claim is barred until the conviction is overturned. Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (cites and quotes omitted).

Plaintiff asserts that Defendants denied him access to documents that would have provided him with an alibi to federal robbery charges. If Plaintiff were to prove his claim in this case, he would also establish that he was denied a defense in his criminal case. Plaintiff cannot litigate a claim that prison authorities denied him proof of an alibi because to do so would call into question the validity of his criminal conviction. Heck, supra.

Plaintiff also claims that he was denied documents necessary for a civil proceeding. This claim fails because he has not presented evidence that he suffered any prejudice, i.e., he has not established that he lost any motion or claim due to the failure to have his documents with him. Christopher v. Harbury, 536 U.S. 403, 415-17 (2002).

Finally, Plaintiff's claim that he was "illegally" incarcerated in state custody beginning in 2001, is clearly barred by the statute of limitations because the Complaint in this case was filed on June 16, 2008. The statute of limitations for a Section 1983 claim is two years. See Smith v. Holtz, 87 F.3d 108, 111 n.2 (3d Cir. 1996). The date on which a Section 1983 claim accrues is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring). A claim accrues when the plaintiff knew or had reason to know of his injury. Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury). Plaintiff asserts that he should have been in federal custody since 2001. His cause of action accrued in 2001 when, in his view, his improper incarceration by Pennsylvania authorities began, and this claim is, therefore, time-barred.

### III. CONCLUSION

It is respectfully recommended that Defendants' Motion for Summary Judgment (Doc. 130) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 18, 2010.

February 4, 2010                                           s/Cathy Bissoon
                                                           CATHY BISSOON
                                                           UNITED STATE MAGISTRATE JUDGE

**Cc:**
**WILLIAM JONES**
53578-066
Federal Correction in Situation - Gilmer
P.O. Box 6000
Glenville, WV 26531