IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>SUPT. LOUIS S. FOLINO, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 08-824<br>Judge Conti<br>Magistrate Judge Bissoon |

**MEMORANDUM ORDER**

The civil rights complaint filed by plaintiff William Jones ("plaintiff" or "Jones") was received by the Clerk of Court on July 16, 2008, and was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges. The case was referred to Magistrate Judge Cathy Bissoon on August 1, 2008.

The magistrate judge's report and recommendation (Doc. 155) recommended that the motion for summary judgment (Doc. 130) filed by defendants be granted. Specifically, all claims raised except for a claim that defendant Grainey verbally threatened plaintiff were found barred by plaintiff's failure to exhaust administrative remedies. The magistrate judge provided additional bases for granting summary judgment with respect to all but one of plaintiff's claims, the exception being plaintiff's claim that he was denied medication for Hepatitis C.

Plaintiff filed objections (Doc. 156) and an affidavit in support of those objections (Doc. 157). Jones challenges the magistrate judge's finding of a failure to exhaust administrative remedies, and asserts that he filed grievances with respect to all his claims, and attempted to appeal all those grievances, but that prison officials must have thrown some of his grievances and appeals away (Doc. 157, at 20-21). Plaintiff made this argument in his response to the

motion to dismiss, and the magistrate judge rejected the argument because plaintiff has an extensive history of filing grievances, and was able to appeal at least two of those to final review.  Plaintiff presented evidence that he inquired concerning "missing" grievances on only two occasions, neither of which involve claims raised in the complaint.

In any event, the magistrate judge correctly ruled that reasons in addition to failure to exhaust administrative remedies exist for granting summary judgment with respect to plaintiff's claims.  Plaintiff's objections to these alternate reasons for granting summary judgment are not persuasive.  Heck v. Humphrey, 512 U.S. 477, 487 (1994), clearly bars plaintiff's claim that defendants seized documents that would establish his innocence in a criminal case, and plaintiff provided no evidence that the same documents prevented him from presenting a viable claim in a civil case.  Plaintiff's claim that he was improperly confined in state custody as opposed to federal custody is barred by the statute of limitations whether the claim accrued in 2001 (as stated in the report) or in 2003 (as plaintiff now maintains).

The only claim that was not addressed in the alternative in the report was plaintiff's claim that he was denied treatment for Hepatitis C.  Plaintiff's failure to exhaust his administrative remedies with respect to this claim is clear, and his argument that he was prevented from filing appeals is belied by the record.  Plaintiff filed Grievance No. 169467 on November 15, 2006, and Grievance No. 171552 on December 5, 2006, complaining each time that he was denied proper treatment for "Hep C" (Doc. 132-1, at 18-19).  These grievances were appealed to the superintendent, but neither was appealed to final review.  On December 8, 2006, plaintiff filed Grievance No. 171992 complaining that defendant Grainey threatened to "bury him in the hole" (Doc. 132-1, p. 18).  Grievance No. 171992 **was** appealed through final review.  The appeal process for these grievances all occurred during the same time frame.  Plaintiff contends that his

appeal documents were routinely thrown away by defendant Grainey, but he was able to appeal to final review a claim addressed specifically to defendant Grainey.  As the magistrate judge noted, plaintiff was very familiar with the grievance process, and was capable of pursuing it to its conclusion.  Plaintiff was able to present evidence concerning two situations when he did not receive responses to appeals he had filed and, tellingly, neither situation related to any of the claims raised in the complaint.  Therefore, absent **specific evidence** about interference with his attempts to appeal his Hepatitis C claim, the court must conclude that plaintiff did not raise a genuine dispute of fact concerning his exhaustion of administrative remedies.

After de novo review of the pleadings and documents in the case, together with the report and recommendation and the objections thereto, the following order is entered:

AND NOW, this 25th day of February, 2010,

IT IS HEREBY ORDERED that the defendants' motion for summary judgment (Doc. No. 130) is GRANTED.

The Report and Recommendation of Magistrate Judge Bissoon, (Doc. No. 155), dated February 4, 2010, with the additional analysis set forth above, is adopted as the opinion of the court.

s/Joy Flowers Conti
Joy Flowers Conti
U.S. District Court Judge

cc:
**WILLIAM JONES**
53578-066
Federal Correction in Situation - Gilmer
P.O. Box 6000
Glenville, WV 26531