# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM SEYMOUR JONES, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-824 |
| SUPT. LOUIS S. FOLINO, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a civil rights action, filed pursuant to 42 U.S.C. § 1983, by William Seymour Jones ("Jones"), an inmate in federal custody. The case was closed on February 25, 2010, when the court granted defendants' motion for summary judgment and entered judgment against Jones and in favor of each defendant. (ECF Nos. 159, 160.) The Court of Appeals for the Third Circuit affirmed this court's judgment in March 2011. (ECF No. 164.) The appellate court certified its judgment in lieu of a formal mandate on April 28, 2011. (ECF No. 165.)

This case was dormant for three years, until Jones filed, on April 28, 2014, a document captioned "'Independent Action' under Rule 60(d)(3) for Fraud on the Court, by officer of Court", asking this court to reopen its February 2010 judgment. (ECF No. 166.) That filing was followed by a flurry of additional, but related, filings by Jones: (1) a "motion for appointment of counsel to represent plaintiff Rule 60(d)(3) Motion" (ECF No. 169); (2) a "motion for the Court's Clarification" (ECF No. 170); and (3) an "'Independent Action' pursuant to Rule 60(d)(3) Clarification of Exhaustion" (ECF No. 173.) For the reasons set forth below, Jones is not entitled to any relief requested.

Jones alleges that this court's February 2010 judgment was the result of a fraud perpetrated on this court by defense counsel, which justifies reversal of that four-year-old judgment pursuant to Federal Rule of Civil Procedure 60(d)(3). (ECF Nos. 166 at 3-4, 6 and 170 at 2.)[1] According to Jones, defense counsel engaged in fraud by making factual and legal statements in his summary judgment papers that were known to be false. In particular, Jones claims that defense counsel engaged in fraud by arguing, in his summary judgment papers, that a) an exhaustion requirement applies to claims against the Pennsylvania Parole Board, and b) Jones was objecting to being in state custody since 2001, instead of since 2006. (Id.; see also ECF No. 131 (defendants' summary judgment brief).)

Federal Rule of Civil Procedure 60(d)(3) states that a court has the power to "... set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3). The concept of "[f]raud upon the court should ... embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." Hobbs v. Pennell, No. 87-285, 2009 WL 1975452, at *3 (D. Del. Jul. 08, 2009) (citations omitted). Relief under Rule 60(d)(3) is available only upon a showing of: (1) intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that "in fact deceives the court." Gillespie v. Janey, 527 F.App'x 120, 122 (3d Cir. 2013) (citing Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005)).

---

[1] Jones' "motion for this Court's Clarification" asks the court to "clarify its decisions and facts," with respect to the same substantive matters raised in Jones' first-filed "Independent Action" under Rule 60(d)(3). (ECF No. 170 at 1, 6.) The motion for clarification will be discussed collectively with the Rule 60 motion filed at ECF No. 166, without further delineation in the opinion between the two motions.

Although Rule 60(d)(3) does not include any statute of limitations, as do other subsections of the Rule, the court nevertheless concludes that Jones' motions must be denied because they are procedurally improper. The judgment that Jones contends resulted from defense counsel's alleged fraud was entered more than four years ago. (ECF No. 160.) Prior to entry of that judgment, the magistrate judge issued a report and recommendation on defendants' then-pending motion for summary judgment, (ECF No. 155), which motion Jones vehemently opposed in written submissions, (ECF Nos. 135-55.) Jones filed objections to the report and recommendation. (ECF Nos. 156-58.) This court considered Jones' objections, conducted a <u>de novo</u> review of the issues and entered judgment in defendants' favor. (ECF No. 160.) Jones thereafter filed a timely appeal to the Court of Appeals for the Third Circuit, participating fully in those proceedings attacking this court's judgment. <u>Jones v. Folino</u>, 10-1661 (3d Cir.).

Jones had several opportunities to alert various judicial officers to the alleged fact that defense counsel was perpetrating a fraud on the court. Each of Jones' current arguments to that effect is based on facts, circumstances, and legal authorities that pre-date even the magistrate judge's report and recommendation. The argument that an exhaustion requirement does not apply to claims against the Pennsylvania Parole Board could have been raised by Jones in his summary judgment briefing, his objections to the report and recommendation, or, at the latest, during the direct appeal. Clarification of the fact that Jones was objecting to being in state custody since 2006, not 2001, could have been raised by Jones in his summary judgment briefing, his objections to the report and recommendation, or, at the latest, during the direct appeal. Raising these issues four years after entry of final judgment, whether as an "independent action" under Rule 60(d)(3), or as a motion for clarification, is procedurally improper. Jones cannot now raise substantive arguments that he did not present during prior proceedings. <u>Harsco</u>

Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); Pinet v. United States, No. 08-5678, 2010 WL 3463317, at *3 (D.N.J. Aug. 27, 2010). Jones makes no allegation that defense counsel's allegedly fraudulent summary judgment papers prevented him from fully presenting his arguments to the court; nor could he. The time to raise objections to his opponent's position, and to the court's rulings, has passed.

Even if the court were inclined to consider the merits of Jones' motions, the court would conclude that Jones failed to meet the exacting standards required to secure relief under Rule 60(d)(3). Jones identified no evidence, whether direct or circumstantial, that defense counsel engaged in intentional fraud, or that the court was, in fact, deceived. The gravamen of each of Jones' allegations of fraud is that he disagrees with the manner in which defense counsel presented his clients' case to the court on the issues of exhaustion and the statute of limitations. Disagreement, however, is common in civil litigation; it is not the equivalent of intentional fraud. Jones' motions point to no evidence that defense counsel's summary judgment briefing was intentionally fraudulent. Even if the court were to presume for the sake of argument that defense counsel's summary judgment papers were intentionally fraudulent, Jones identified no evidence that not one, but five, judicial officers were duped into disregarding their essential function of impartially deciding disputed issues as a result. There is no basis to conclude that the court was, in fact, deceived. Jones' motions are without merit under the circumstances.

Jones filed a second motion for an "'Independent Action' Pursuant to Rule 60(d)(3)" in which he argues that, in ruling on the issue of exhaustion, the court failed to consider the confinement "circumstances and situation of the pro se plaintiff" with respect to being an inmate on death row whose mail was interfered with by prison staff. (ECF No. 173 at 1-2.) In ruling on summary judgment this court considered, and rejected, Jones' contentions that

4

prison officials prevented him from filing grievances by tampering with or intercepting his mail. (ECF No. 155 at 4-5.) The proper time for Jones to raise any and all issues concerning the circumstances of his confinement was in 2009-2011, during the summary judgment proceedings and the direct appeal. As with Jones' other arguments, the circumstances of Jones' confinement existed during the 2009-2011 time-frame, and could have been raised with the court then. Jones makes no allegation that defense counsel's allegedly fraudulent summary judgment papers prevented him from presenting these arguments to the court; nor could he. This is not a proper basis for relief under Rule 60(d)(3).[2]

Lastly, Jones asks this court to appoint counsel to assist him in pursuing his Rule 60(d)(3) motions. (ECF No. 169.) According to Jones, counsel a) will be able to find more case law to support his argument that "there is no exhaustion requirement to sue the 'Parole Board,'" b) will be able to "pull the deceit to light," and c) can "go into detail concerning the difference" in the exhaustion doctrine as applied to the Pennsylvania Department of Corrections and the Pennsylvania Parole Board. (Id. at 2, 4.) This is Jones' tenth motion for appointment of counsel in this case. (ECF Nos. 5, 152.) Jones' in forma pauperis status was revoked in January 2009, on the ground that Jones had at least three prior "strikes" for purposes of 28 U.S.C. § 1915(g). (ECF No. 90.) The court of appeals recognized that Jones had "three strikes" in its opinion affirming this court's final judgment, and cautioned Jones to indicate this fact if he files any future civil actions or appeals while incarcerated. (ECF No. 165-1 at 2 n.1.) Given Jones' status

---

[2] Jones, somewhat cryptically, contends that decisions issued by Judge Nealon, of the Middle District of Pennsylvania, qualify as "newly discovered evidence" in this case. (ECF No. 173 at 2.) Jones fails to explain how those decisions, which deny Jones' various motions for relief under Rule 60 based on alleged frauds perpetrated on that federal district court, advance his arguments in this case. Jones v. Shannon, No. 05-2255, 2014 WL 356559 (M.D. Pa. Jan. 31, 2014), 2014 WL 250336 (M.D. Pa. Jan. 22, 2014), and 2013 WL 6021956 (M.D. Pa. Nov. 13, 2013). The court reviewed each of the decisions issued by that court and found nothing therein that could affect any matters pending before this court.

under § 1915, he is not eligible to have this court appoint counsel to represent him in the instant civil litigation. Even if Jones were eligible under the statute, there has been no change in circumstances to justify reaching a different result than was reached after considering each of Jones' nine previous motions for appointment of counsel. Jones' motion for appointment of counsel will be denied.

For the foregoing reasons, each of the motions filed by Jones is denied. This case was closed more than four years ago. None of Jones' arguments are based on evidence, law, or circumstances that did not exist at the time judgment was entered. Jones cannot relitigate matters considered and decided by this court and the court of appeals several years ago.

May 28, 2014                                    BY THE COURT:


                                                /s/ *Joy Flowers Conti*
                                                Joy Flowers Conti
                                                Chief U.S. District Court Judge


cc:     **WILLIAM JONES**
        53578-066
        Federal Correction in Situation - Gilmer
        P.O. Box 6000
        Glenville, WV 26531