IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WILLIAM SEYMOUR JONES, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 08-824 |
| SUPT. LOUIS S. FOLINO, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This is a civil rights action, filed pursuant to 42 U.S.C. § 1983, by William Seymour Jones ("Jones"), an inmate in federal custody. The case was closed on February 25, 2010, when the court granted defendants' motion for summary judgment and entered judgment against Jones and in favor of each defendant. (ECF Nos. 159, 160.) The Court of Appeals for the Third Circuit affirmed this court's judgment in March 2011. (ECF No. 164.) The appellate court certified its judgment in lieu of a formal mandate on April 28, 2011. (ECF No. 165.)

This case was dormant for three years, until Jones filed, on April 28, 2014, a document captioned "'Independent Action' under Rule 60(d)(3) for Fraud on the Court, by officer of Court," and relating filings, all asking this court to reopen its February 2010 judgment. (ECF No. 166, 170, 173-75.) According to Jones, this relief was necessary because defense counsel engaged in fraud on the court by making factual and legal statements in his summary judgment papers with respect to, among other things, whether an exhaustion requirement applies to § 1983 claims brought against the Pennsylvania Parole Board. (ECF No. 174 at 2.) This court denied Jones' motions to reopen the 2010 judgment in a memorandum opinion and order dated May 28, 2014. (ECF Nos. 174-75.)

On June 4, 2014, the court received a document entitled "Motion to Alter and/or Amend, the Court's order/memorandum opinion under F.R.Civ. P. Rule 59(e)," and brief in support. (ECF Nos. 176-77.) In these filings, Jones contends that the court's May 28th opinion and order were erroneous because: (1) Rule 60(d)(3) includes no statute of limitations; (2) no administrative exhaustion requirement applies to § 1983 claims brought against the Pennsylvania Parole Board; and (3) the court did not have jurisdiction to enter judgment as a matter of law in 2010. (Id.) Jones also contends that the court should appoint counsel to represent him and hold an evidentiary hearing on his prior motions so that he can prove that defense counsel perpetrated a fraud on the court during the summary judgment proceedings in 2009 and 2010. (Id.)

Under Rule 59(e), an order may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Although Jones does not frame his current motion in these terms, it is evident that it is based on the last of these considerations, i.e., clear error or manifest injustice. Jones cannot establish that the May 28, 2014 order requires alteration under these standards.

In the May 28th opinion, this court denied Jones' Rule 60(d)(3) motion because it was procedurally improper, not because it was time-barred, and explained its reasons for doing so. (ECF No. 174 at 3.) These same reasons still apply. Jones' first asserted error is without merit. That opinion included a detailed explanation with respect to why Jones' substantive argument that there is no administrative exhaustion requirement for § 1983 claims brought against the Pennsylvania Parole Board could have been, and should have been, made during

2

summary judgment briefing, instead of years after final judgment was entered.  These same reasons still apply.  Jones' second asserted error is without merit.  Jones' third asserted error does no more than recast the exhaustion argument as an objection to this court's jurisdiction.  Jones' delayed disagreement with defense counsel's summary judgment briefing, the magistrate judge's report and recommendation, and this court's order granting judgment as a matter of law on this basis does not draw into question a federal court's power and authority to adjudicate a § 1983 claim.  Jones is not entitled to relief under Rule 59(e) based upon this last asserted error.

        Jones' requests for counsel and for an evidentiary hearing are similarly without merit.  The court explained in its May 28th opinion why counsel need not be appointed to represent Jones in this civil case.  Circumstances did not change in the week that passed between issuance of that opinion and the filing of Jones' current motion to warrant a new analysis of the issue, or a changed result.  An evidentiary hearing on Jones' allegations of fraud on the court is likewise not warranted.  Jones' position is fundamentally flawed.  His substantive argument, asserted years after-the-fact, is that the court either overlooked a vital legal issue, i.e., exhaustion, or decided it wrong, due to defense counsel's fraudulent summary judgment briefing.  Jones, however, does not, and could not, contend that defense counsel's allegedly fraudulent briefing in 2009 prevented him from bringing this deficiency or error to this court's, or the appellate court's, attention in 2009, 2010, or 2011.  No kind or amount of proof will change this fact, making an evidentiary hearing unnecessary.

For each of the foregoing reasons, Jones is entitled to no relief under Rule 59(e). Further motions from this litigant raising the same, or substantively indistinguishable, objections to this court's 2010 final judgment, or these orders refusing to alter it, will be denied without opinion. Jones, it is noted again, has at least three prior "strikes" for purposes of 28 U.S.C. § 1915(g). (ECF Nos. 90, 165-1 at 2 n.1.)

June 19, 2014    BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief U.S. District Court Judge

cc:   **WILLIAM JONES**
      53578-066
      Federal Correctional Institution - Gilmer
      P.O. Box 6000
      Glenville, WV 26531